MARIE ACQUADRO, PLAINTIFF-APPELLEE, v. ROBERT BIERI, DEFENDANT-APPELLANT.

Decided May 7, 1924.

**Negligence—Treating the Sick—Defendant, Not a Physician, Must Use Reasonable Care in Connection With Mechanical Healing Appliances He is Operating.**

On appeal from the First Judicial Court of Hudson county.

Before Justices KALISCH and KATZENBACH.

For the appellant, *Edwards & Smith, Edwin F. Smith* and *Norman R. Wynne,* of counsel.

For the appellee, *Lionel Isaacs* and (*Leo Blumberg* on the brief).

PER CURIAM.

Marie Acquadro, the plaintiff below, an elderly lady, recovered a judgment, in the said District Court, against the defendant below, for the sum of $430, in an action for damages, for injuries sustained by her through defendant's negligence. The case was tried before the court, sitting without a jury.

The plaintiff was suffering from pains in one of her legs, and was advised by her family physician to go to the defendant, a neuropathist, to undergo a series of baking treatments. She, according to the advice given, went to the de-

fendant's establishment and purchased a ticket for twelve treatments and paid therefor $30. In the course of this treatment, on July 15th, 1922, the defendant used a baking device consisting of a collapsible, semi-cylindrical metal frame heavily lined with asbestos. The heat for the baking was supplied by twenty thirty-two candle-power lamps controlled by switches. When a baking treatment is to be given where there are pains in the leg, as was the case in the present instance, the patient is seated and the ailing leg is stripped and covered with toweling and the apparatus is then adjusted over the leg, and is covered with a towel or a blanket so that uniform heat will be evenly distributed. On the day in question the plaintiff underwent this process, and, after adjusting the plaintiff to the frame, the defendant left the room leaving his wife in charge.

The plaintiff testified that while she was undergoing this treatment at that time she felt a severe burn which made her cry out, and that when the defendant came back into the room he took the metal off and massaged her leg. There was testimony that there were burns which developed rapidly into sores known as sloughs. There was also testimony to the effect that the defendant admitted that the plaintiff received a burn during the treatment, giving as a reason therefor in these words. "that fool patient, she pulled the towel up and it burned the leg." There was a sharp conflict between the plaintiff's and the defendant's testimony, he saying that when he returned to the room he found that the plaintiff had pulled the towel off her leg, but the plaintiff denied this.

The two grounds relied on by appellant's counsel for a reversal of the judgment are—first, refusal to nonsuit, and secondly, refusal to direct a verdict for defendant.

The defendant was not a physician. He kept an establishment to which physicians sent patients for the purpose of massaging, baking and sweating. In performing these duties he was required to exercise such degree of care as was commensurate with the lurking danger of the treatment administered. The only reasonable inference from the testimony

is that the defendant was familiar with the likelihood of a patient being burned unless properly protected and the heat uniformly circulated.

Notwithstanding the precautions necessary to be used, the defendant, by his own admission, left the room after he had adjusted the patient to the treatment, and remained away seven or eight minutes. It was while he was out of the room the patient received the burn and cried out. We think the testimony tended to show that the plaintiff's hurt was the result of defendant's negligence in failing to properly protect her from being burned while undergoing the treatment, and that the motion for a nonsuit was properly refused. The defendant's defense, according to the testimony, rested largely upon the statement that he had properly prepared the plaintiff for the treatment, and that she was solely to blame for what happened if she was burned, because, when he returned to the room where she was, he found that she had pulled the towel off her leg.

On his direct examination he was asked:

"Q. When did you first ascertain the fact that there was a burn in this case?

"A. On the third visit, two days after, she came back to our office."

On recross-examination he was asked:

"Q. Then how do you account for the burns that Mrs. Acquadro sustained?

"A. The burns she sustained on removing the towel.

"Q. Did you see her remove the towel?

"A. I did not, but the towels were removed when I came back there.

"Q. In what position were they?

"A. They were all up against her abdomen."

We are unable to discover anything in the testimony of the defendant which had the effect of doing anything more than to raise a factual question which was for the judge to decide, and his finding is not reviewable.

Judgment is affirmed, with costs.